UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AMW SPORTS, LLC D/B/A THE
ATHLETE'S FOOT

CIVIL ACTION

VERSUS

NUMBER 10-651-SCR

STATE FARM FIRE AND CASUALTY
COMPANY

**RULING ON MOTION TO QUASH RECORDS DEPOSITION**

Before the court is the Motion to Quash Records Deposition of CAP LLC. Record document number 32. The motion is opposed.[1]

There is no need to set out in detail the procedural history of the case and events which let to filing this motion. A brief summary is sufficient. Plaintiffs seek recovery from the defendant for the cost of repairing a hole in the wall of the store operated by AMW Sports, LLC, allegedly caused by burglars. Defendant specifically pled as an affirmative defense in its answer the "other insurance" provision of its policy. Defendant has been asking the plaintiffs for the identity of the owner of the building who or which leased the property to AMW since at least July 2011. Defendant's need for the information is and was obvious: so it could find out whether the owner had insurance which covered physical damage to the building. Despite repeated promises, or at least indications, from the plaintiffs and counsel for the plaintiffs that the information would be provided, the plaintiffs

---

[1] Record document number 36.

did not provide it until December 9, 2011. Defendant promptly issued a deposition subpoena to the owner to obtain certified copies of the lease and any property insurance policies for the property.

Plaintiff's arguments in support of their motion are disingenuous and unpersuasive in these circumstances. The lease information sought should have been provided by the plaintiffs long, long ago. Their failure to do so could arguably - and may yet - be the basis for striking their claim for recovery of the cost to repair the damaged wall pursuant to Rule 37(c)(1), Fed.R.Civ.P. (If fact, allowing the defendant to obtain the insurance information from the owner, even at this late date, may ultimately be advantageous to the plaintiffs because they may be able to show that their failure to timely produce it was harmless.)

For essentially the reasons argued by the defendant, the plaintiffs' motion has no merit.

Accordingly, the plaintiffs' Motion to Quash Records Deposition of CAP LLC is denied.

Baton Rouge, Louisiana, December 30, 2011.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE