UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AMW SPORTS, LLC D/B/A THE
ATHLETE'S FOOT                              CIVIL ACTION

VERSUS                                      NUMBER 10-651-SCR

STATE FARM FIRE AND CASUALTY
COMPANY

## RULING ON MOTION TO QUASH RECORDS DEPOSITION

Before the court is the Motion to Quash Records Deposition of Lafayette Insurance Company. Record document number 35. The motion is opposed.[1]

As was the case with the plaintiffs' earlier Motion to Quash Records Deposition of CAP LLC, there is no need to set out in detail the procedural history of the case and events which led to filing this motion. The brief summary of the procedural history, taken from the Ruling on Motion to Quash Records Deposition, is sufficient.[2] Plaintiffs seek recovery from the defendant for the cost of repairing a hole in the wall of the store operated by AMW Sports, LLC, allegedly caused by burglars. Defendant specifically pled as an affirmative defense in its answer the "other insurance" provision of its policy. Defendant had been asking the plaintiffs for the identity of the owner of the building who or which leased the property to AMW since at least July 2011. Defendant's need for

---

[1] Record document number 46.

[2] Record document number 37.

the information is and was obvious: so it could find out whether the owner had insurance which covered physical damage to the building. Despite repeated promises, or at least indications, from the plaintiffs and counsel for the plaintiffs that the information would be provided, the plaintiffs did not provide it until December 9, 2011. Defendant promptly issued a deposition subpoena to the owner, CAP LLC, to obtain certified copies of the lease and any property insurance policies for the property.

Defendant then learned that Lafayette Insurance Company policy number 8530511 was obtained by CAP LLC and insured the building. Defendant issued a deposition notice and subpoena to Lafayette Insurance Company to obtain a copy of the policy.[3]

Plaintiffs' arguments in support of their motion are, again, disingenuous and unpersuasive in these circumstances. Additionally, the plaintiffs argued that because the defendant denied the property damage claim on a basis other than because of the existence of other applicable insurance, the defendant should now be precluded from conducting discovery on this issue.[4] Plaintiffs are making a waiver argument – i.e. the defendant cannot now rely on the "other insurance" provision in the policy as a defense because it was not the basis for denying the claim.

It is apparent from the deposition testimony of Heather

---

[3] Record document number 35-2, Exhibit 1.

[4] Record document number 35-1, pp. 2-3.

2

Blevins (which is essentially confirmed by defendant's Response to Interrogatory No. 13) that the defendant did not rely on the "other insurance" provision to deny the AMW's cost-of-repair claim because it determined that plaintiff AMW had not shown that a theft had occurred.[5] But the plaintiffs did not cite any legal authority to support their waiver argument in this motion or in the plaintiffs' Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment,[6] or in their Response in Opposition to State Farm's Motion for Summary Judgment.[7]

A few days after filing this motion the plaintiffs filed a Motion in Limine Concerning "Other Insurance" Evidence in which they did make a waiver argument.[8] Plaintiffs acknowledged in the supporting memorandum that "it is the party who seeks to avoid the application of a policy's provisions who must come forward with evidence sufficient to support a waiver."[9] Plaintiffs also acknowledged therein that the November 24, 2009 letter from the defendant denying the claim included the following statement in a separate paragraph: "The Company does not intend, by this letter,

---

[5] *Id.* at 4.

[6] Record document number 21-1

[7] Record document number 29, pp. 11-14.

[8] Record document number 47.

[9] Record document number 47-1, p. 11, citing *Maddox v. Keen*, 33,072, 756 So.2d 1279, 1285 (La.App. 2 Cir. 2000).

3

to waive any policy defenses in addition to those stated above, but specifically reserves the right to assert such additional policy defenses at any time."[10] Notwithstanding the foregoing, the plaintiffs argued the that the defendant waived the "other insurance" defense.[11]

To the extent the plaintiffs' argument in their Motion in Limine Concerning "Other Insurance" Evidence may be considered in support of their motion to quash, it is unpersuasive. Plaintiffs have pointed to no evidence that the defendant acted in a manner consistent with waiving the "other insurance" provision. Defendant determined that "the theft claimed cannot be established from the records" provided by plaintiff AMW.[12] Consequently, there was simply no reason to invoke the "other insurance" provision when the theft was not established. Plaintiffs have not cited binding statutory or case authority for the proposition that an insurer waives a potentially applicable policy provision by not specifically invoking it when denying a claim for another reason.

For essentially the same reasons stated in the previous Ruling on Motion to Quash Records Deposition, and for the additional reasons above, the plaintiffs' motion has no merit.

---

[10] *Id.*, Exhibit 7, p. 3.

[11] Plaintiffs characterized this non-waiver paragraph as "boiler plate," but they did not contend it is equivocal, unclear or misleading.

[12] Record document number 47-8, Exhibit 7, p. 1.

Accordingly, the plaintiffs' Motion to Quash Records Deposition of Lafayette Insurance Company is denied.

Baton Rouge, Louisiana, January 4, 2012.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE