UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AMW SPORTS, LLC D/B/A THE
ATHLETE'S FOOT

CIVIL ACTION

VERSUS

NUMBER 10-651-SCR

STATE FARM FIRE AND CASUALTY
COMPANY

**RULING ON MOTION IN LIMINE CONCERNING "OTHER INSURANCE"**

Before the court is the Motion in Limine Concerning "Other Insurance" Evidence filed by the plaintiffs. Record document number 47. The motion is opposed.[1]

Plaintiffs seek to prevent the defendant from introducing evidence to support, or arguing at trial, that the "other insurance" exclusion of its policy issued to plaintiff AMW Sports, LLC bars the plaintiffs' claim for physical damage to the store.[2] Plaintiffs argued that the defendant waived the "other insurance" exclusion.

Plaintiffs' motion has no merit. Plaintiffs acknowledged that "it is the party who seeks to avoid the application of a policy's provisions who must come forward with evidence sufficient to support a waiver."[3] Plaintiffs also acknowledged that the

---

[1] Record document number 55.

[2] The "other insurance" exclusion is found in the Section I and Section II Common Conditions, policy p. 35, item 8(a)(2).

[3] Record document number 47-1, p. 11, citing *Maddox v. Keen*,
(continued...)

November 24, 2009 letter from the defendant denying the claim included the following statement in a separate paragraph: "The Company does not intend, by this letter, to waive any policy defenses in addition to those stated above, but specifically reserves the right to assert such additional policy defenses at any time."[4] Notwithstanding the foregoing, and without identifying any other relevant evidence, the plaintiffs argued the defendant waived the "other insurance" exclusion, and therefore should be barred from offering evidence supporting it as a defense.[5]

There is no dispute that under Louisiana law an insurer can waive a policy provision. But as correctly noted by the defendant, a waiver occurs "when there is an existing right, knowledge of its existence and an actual intention to relinquish it or conduct so inconsistent with the intent to enforce that right as to induce a reasonable belief that it has been relinquished." *Steptore v. Masco Const. Co., Inc.*, 643 So.2d 1213, 1216 (La. 1994), citing *Tate v. Charles Aguillard Ins. & Real Estate, Inc.*, 508 So.2d 1372 (La. 1987).[6]

---

[3](...continued)
33,072, 756 So.2d 1279, 1285 (La.App. 2 Cir. 2000).

[4] *Id.*, Exhibit 7, p. 3.

[5] Plaintiffs characterized this non-waiver paragraph as "boiler plate," but they did not contend it is equivocal, unclear or misleading.

[6] The *Steptore* case is cited for its general discussion of the
(continued...)

There is no evidence that the defendant explicitly waived the "other insurance" exclusion. The specific reference to the "other insurance" exclusion cited by the parties - the November 24, 2009 claim denial letter – clearly was not a waiver. Without some form of explicit waiver, a finding of waiver in the circumstances of this case would have to be premised on the defendant's failure to investigate and determine whether the owner of the building had applicable property damage insurance before denying the claim. But at the time the property damage claim was denied the defendant did not even know who owned the building,[7] and it did not need that information to decide whether to pay plaintiff AMW's property damage claim. Defendant determined that "the theft claimed cannot be established from the records" provided by plaintiff AMW.[8] Consequently, there was simply no reason to investigate whether the owner had any applicable insurance or to invoke the "other insurance" exclusion when the theft was not established. Finally, the plaintiffs have not cited binding statutory or case authority

---

[6](...continued)
law on waiver of an insurance policy provision. The Louisiana Supreme Court in *Steptore* determined that the insurer waived its right to deny coverage based on its insured's violation of a provision of the policy. The facts supporting finding a waiver in *Steptore* (the insurer had actual knowledge of facts indicating no coverage) are vastly different from those in this case.

[7] Plaintiffs did not disclose the identity of the owner until December 2011.

[8] Record document number 47-8, Exhibit 7, p. 1.

3

for the proposition that an insurer waives a potentially applicable policy provision by not specifically invoking it when denying a claim for another reason.

Accordingly, the plaintiffs' Motion in Limine Concerning "Other Insurance" Evidence is denied.

Baton Rouge, Louisiana, January 6, 2012.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE