UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AMW SPORTS, LLC D/B/A
THE ATHLETE'S FOOT            CIVIL ACTION

VERSUS                            NUMBER 10-651-SCR

STATE FARM FIRE AND CASUALTY
COMPANY

**RULING ON MOTION FOR SUMMARY JUDGMENT**

Before the court is State Farm's Motion for Summary Judgment filed by the defendant State Farm Fire and Casualty Company. Record document number 19. The motion is opposed.[1]

Plaintiffs AMW Sports LLC d/b/a The Athlete's Foot ("AMW"), Abdallah Mizyed, Maher Mizyed and Walid Mizyed filed a Petition and an Amended Petition in state court against defendant State Farm Fire and Casualty Company. Defendant removed the case to this court on October 1, 2010 based on diversity jurisdiction.

Plaintiffs operate a store located in Baton Rouge, Louisiana which sells athletic shoes and clothing. Defendant issued a business mercantile insurance policy to plaintiff AMW, which was in effect during September 2008. On September 1, 2008 Hurricane Gustav moved through Baton Rouge. Plaintiffs alleged that during a power outage caused by the hurricane, unknown individuals created a hole in the back wall of the store building and took $55,000

---

[1] Record document number 29. Defendant filed a reply memorandum. Record document number 43.
<860ca8 />

<860ca8 />
<860ca8 />

<860ca8 />

worth of merchandise. Plaintiffs alleged that on September 8, 2008 the theft was reported to the defendant and a claim was made claim under the policy for the business losses. Defendant investigated and adjusted the claim, eventually denying it in a letter dated November 24, 2009. Defendant's letter stated in part as follows:

> Our investigation has revealed that the loss sustained cannot be established with the documentation presented.
>
> The loss you have sustained appears to be related to unexplained, mysterious disappearance of property. This is not an insurable loss per the policy provisions. Additionally, you have failed to comply with the conditions of the policy in establishing your loss specifically with regards to providing complete inventories of the property and records to prove the loss.

In their state court petitions the plaintiffs alleged that the defendant breached its obligation under the policy by refusing to provide coverage and payment for any of the losses sustained as a result of the theft of their business/inventory.[2] Plaintiffs alleged further that the defendant's refusal was arbitrary, capricious and without probable cause, and they sought to recover the amount of their losses under the policy, general and special damages, statutory penalties and attorney fees under LSA-R.S. 22:658 and LSA-R.S. 22:1220.

Defendant now moves for summary judgment as to all claims alleged by the plaintiffs. Defendant argued it is entitled to

---

[2] Record document numbers 19-4 and 19-11, Plaintiffs amended petition and petition, respectively.
2

summary judgment because there is no genuine dispute for trial on the following issues: (1) the individual plaintiffs do not have a valid cause of action under the policy because AMW is the only named insured; (2) the plaintiffs cannot meet their burden of proof as to the extent or value of the business loss claim; (3) the plaintiffs cannot meet their burden of proof as to the value of the building repair; and, (4) the plaintiffs cannot meet their burden of proof to recover bad faith damages because there is no evidence that the defendant's coverage decisions were arbitrary, capricious or unreasonable.

It is unnecessary to present a detailed analysis of the evidence presented by the parties. Because summary judgment is not appropriate, it is sufficient to state that based on a review of the summary judgment record as a whole, there is sufficient evidence to create a genuine dispute for trial as to (1) whether there was a theft, and (2) if there was a theft, the extent or value of the losses to the business as a result.[3] To grant the defendant's motion the court would have to weigh the evidence, view the evidence and reasonable inferences which could be drawn from it in the light most favorable to the defendant, and make credibility determinations favorable to the defendant. When ruling on a motion

---

[3] Defendant's adjuster, Heather Blevins, made the decision to deny the claim. She testified that a theft loss and damage to non-owned buildings from theft are types of losses covered under the policy. Record document number 29-1, Exhibit 2, Blevins depo., pp. 27, 61, 80.

3

for summary judgment the court cannot do any of these things. For these same reasons summary judgment cannot be granted as to the plaintiffs' claim for statutory penalties and attorney fees.

In response to the defendant's motion the plaintiffs did not oppose summary judgment on the first issue. Plaintiffs did not dispute that the individual plaintiffs are not named insureds under the policy.[4] Therefore, summary judgment is appropriate as to this one aspect of the defendant's motion.

Accordingly, defendant State Farm's Motion for Summary Judgment is granted in part, dismissing the claims of plaintiffs Abdallah Mizyed, Maher Mizyed and Walid Mizyed. The remaining aspects of the defendant's motion are denied.

Baton Rouge, Louisiana, January 6, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] Record document number 19-5, Exhibit C.