UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AMW SPORTS, LLC D/B/A THE
ATHLETE'S FOOT                                CIVIL ACTION

VERSUS                                        NUMBER 10-651-SCR

STATE FARM FIRE AND CASUALTY
COMPANY

## RULING ON MOTION IN LIMINE
## TO EXCLUDE SETTLEMENT COMMUNICATIONS

Before the court is the Motion in Limine to Exclude Settlement Communications Pursuant to Federal Rule of Evidence 408 filed by defendant State Farm Fire and Casualty Company. Record document number 44. The motion is opposed.[1]

Defendant seeks an order determining that the April 12, 2011 letter from the plaintiffs' attorney to the defendant's attorney is inadmissible in evidence pursuant to Rule 408(a)(2), Fed.R.Evid., as a settlement communication. Subsection (a) of the rule provides as follows:

> **(a) Prohibited uses.**— Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
> **(1)** furnishing, promising or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and
> **(2)** conduct or a statement made during compromise negotiations about the claim—except when offered in

---

[1] Record document number 72. Defendant also filed a reply. Record document number 75.

a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

Defendant characterized the letter as a "settlement demand" and complained that it contains broad, unsupported assertions made during compromise negotiations which would be prejudicial to the defendant if presented to the jury.

Contrary to the defendant's argument, the letter does not contain any offer to settle or compromise any part of the plaintiffs' claims.[2] The letter demands an unconditional tender of an unspecified amount owed under the policy. Defendant asserted that the letter is part of the parties' efforts to reach a compromise. But the defendant has not offered any evidence to establish this. For example, the motion is not supported with copies of other correspondence preceding the April 12 letter showing that the parties were engaged in settlement negotiations. Nor is the motion supported with an affidavit by counsel for the defendant stating that before the letter was sent the parties were engaged in settlement negotiations.

Since the defendant has not shown that the letter is a statement made in compromise negotiations regarding the claim, it

---

[2] The court recently granted summary judgment dismissing the claims of the individual plaintiffs because they are not insured under the State Farm insurance policy issued to plaintiff AMW Sports, LLC. Record document number 58. Since the letter was sent when the individual plaintiffs were still asserting that they had claims, this ruling refers to the plaintiffs collectively.

is not barred from evidence by Rule 408.

Plaintiffs also argued that the letter is admissible as a *McDill* demand.[3] Plaintiffs argued that the demand for an unconditional tender is relevant because the plaintiffs has alleged bad faith. Defendant argued in its opposition memorandum that the letter is not a *McDill* demand letter and the plaintiff is attempting to use the letter to paint it in a bad light in front of the jury.

*McDill* itself does not require a formal demand for an unconditional tender of payment of the undisputed amount of the claim. A demand for payment is required by LSA-R.S. 22:1892(B) as a predicate to a claim for penalties and attorney's fees.[4]

It is not appropriate to determine whether the April 12 letter is relevant and admissible as a *McDill* demand at this time. Defendant's objection to the April 12 letter is that it contains unsupported assertions of fact that have not been proved, namely that the plaintiffs suffered "losses sustained by looters." Clearly, whether the plaintiffs suffered "<u>losses sustained by</u>

---

[3] *McDill v. Utica Mutual Ins. Co.*, 475 So.2d 1085 (La. 1985).

[4] But at least on Louisiana appellate court has held that a formal demand for payment is not required where the insurer has already denied the claim or refused to pay. *Wilkins v. Allstate Ins. Co.*, 173 So.2d 199 (La.App. 1st Cir. 1965). It is undisputed in this case that the defendant formally denied all of the plaintiffs' claims by letter dated November 24, 2009. Record document number 19-10, Exhibit H. A formal demand for payment is not a prerequisite to a recovery of penalties under LSA-R.S. 22:1973.

looters" (emphasis added) are both disputed issues, and the letter will not be offered - and certainly not admitted - as proof of either fact. Rather, it appears the letter will be offered to prove that the plaintiffs made a demand for payment of an unspecified amount. Moreover, it is clear from the pretrial order that the plaintiffs will offer other evidence to prove that a theft occurred and the amount of the loss. And if the defendant stipulates that on April 12, 2009 the plaintiffs made a formal demand for payment of an unconditional tender, the letter may not be admitted since it would not be relevant to any disputed fact issue. If the letter is admitted into evidence, and if requested by the defendant and warranted at that time, the court will instruct the jury that the letter may be considered only for the limited purpose of proving that the plaintiffs made a formal demand for payment and when the demand was made.

Accordingly, the defendant's Motion in Limine to Exclude Settlement Communications Pursuant to Federal Rule of Evidence 408 is denied. This ruling only determines that the April 21, 2011 letter is not barred by Rule 408. It is not a determination that any other objections to it being admitted into evidence have, or do not have, merit or that the letter will be admitted into evidence.

Baton Rouge, Louisiana, January 13, 2012.

_Stephen C. Riedlinger_
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE